# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-855-FDW

| | |
|---|---|
| LESLIE SANCHEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) **ORDER** |
| FNU COOPER, et al., | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff has been granted in forma pauperis status. (Doc. No. 7).

## I. BACKGROUND

Pro se Plaintiff Leslie Sanchez, a North Carolina prisoner currently incarcerated at Alexander Correctional Institution, filed this action on December 20, 2016, pursuant to 42 U.S.C. § 1983, naming the following Defendants, all identified as employees at the Mecklenburg County Detention Center in Charlotte, North Carolina, at all relevant times: (1) FNU Cooper (sergeant); (2) FNU Boone (deputy); (3) FNU Waters (deputy); (4) FNU Pew (officer); and (5) FNU Good (officer). Plaintiff alleges that while he was a pre-trial detainee at the Mecklenburg County Detention Center, Defendants negligently failed to follow protocol, resulting in two inmates assaulting Plaintiff on August 24, 2016. Although Plaintiff does not articulate his legal claim, he appears to be attempting to bring a claim for deliberate indifference/failure to protect. To support

1

his claim, Plaintiff alleges the following facts in the Complaint:

> On 8/24/16 in the late morning 11:08, when I was coming back from court I was placed in the downstairs court holding cell with other segregation inmate. Deputies Boone and Waters, along with officers Pew and Good and their sergeant named Cooper did not do their jobs properly and follow protocols. As a result of their negligence, I was injured by Keep Seperate [sic] Lee and another inmate named J. Lamison.

(Doc. No. 1 at 5). As relief, Plaintiff states that he seeks "proper punishment" against Defendants, including suspension "with a write-up, or fire them, for not making sure I was safe." (Id.). Plaintiff further states that he seeks compensatory damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

2

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners."[1] Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834.

"Deliberate indifference" in this context is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Id. at 835-37. It is not sufficient that the official should have known of the risk. Id. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Id. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was

---

[1] Because Plaintiff was a pre-trial detainee at all relevant times, his deliberate indifference/failure to protect claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment). Therefore, for simplicity, the Court refers to Eighth and Fourteenth Amendment standards interchangeably in this order.

obvious." Id. See also Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015).

A claim of negligence is not cognizable in a civil action under § 1983. See, e.g., Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (prison officials' lack of due care in failing to protect an inmate from an attack by another inmate not rise to the level of a constitutional violation); Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir. 1987) ("Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the eighth amendment's prohibition against cruel and unusual punishment."). Moreover, § 1983 does not general impose liability for violations of duties of care that may arise under state law. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989).

Plaintiff has failed to state a claim for a violation of his Eighth Amendment rights against Defendants. Plaintiff alleges no facts tending to show that Defendants had actual knowledge of a substantial risk to Plaintiff's safety before he was attacked by two other inmates. At most, Plaintiff alleges that Defendants were "not do[ing] their jobs properly," not "follow[ing] protocols," and being "negligen[t]." (Doc. No. 1 at 5). Plaintiff's allegations simply do not rise to the level of deliberate indifference for purposes of stating a cognizable claim of a constitutional violation. See Jackson v. Sampson, 536 Fed. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished) (a defendant's failure to follow prison rules or regulations does not, without more, rise to the level of a constitutional violation).

### IV. CONCLUSION

For the reasons stated herein, this action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed for failure to state a claim.  <u>See</u> 28 U.S.C. § 1915(a).

2. The Clerk is instructed to terminate this action.

Signed: May 26, 2017

Frank D. Whitney
Chief United States District Judge